**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILBER ARNULFO BONILLA-FLORES, | No. 10-73832 |
| Petitioner, | Agency No. A097-827-469 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:    SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Wilber Arnulfo Bonilla-Flores, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo questions of law. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Bonilla-Flores failed to establish past mistreatment or a fear of future mistreatment on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("to demonstrate that a protected ground was 'at least once central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts"); *see also Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal dispute is not a ground for asylum unless connected to a protected ground). We lack jurisdiction to review Bonilla-Flores' contentions regarding his perceived sexual orientation because he failed to exhaust them before the BIA. *See Barron*, 358 F.3d at 677-78. Thus, we deny Bonilla-Flores' petition as to his asylum and withholding of removal claims. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010).

Finally, we reject Bonilla-Flores' contention that the BIA erred in finding his CAT claim waived for failure to present any factual or legal argument on

appeal to the Board.  We lack jurisdiction over Bonilla-Flores' contention that the IJ erred in failing to consider the merits of his CAT claim because he did not raise this contention before the BIA.  *See Barron*, 358 F.3d at 677-78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**